Judge Marshall
delivered the Opinion of the Court.
A supersedeas suspends the efficacy of a judgment, but ¿oes not like a reversal annul, the judgment itself. Its 7 . .. , pbje.ct and efiect are to stay future proceedings, and not *599 to undo what is already done. It has no retroactive operation, so as to deprive the judgment of its force and authority from the beginning, but only suspends them after and while it is itself effectual. A consequence of this is, that whatever is done under the judgment, after and while it is superseded, being done without authority from the judgment, which is then powerless, and against the authority and mandate of the supersedeas, should be set aside as improperly and irregularly done; but that whatever is done according to the judgment, before the supersedeas takes effect, is upheld by the authority of the judgment, and is not overreached by the supersedeas. But the question is, when does the supersedeas take effect so as to suspend the force and authority of the judgment, and render all further proceedings upon it irregular?
It takes effect^ not at the moment when it is issued; but when the certificate is filed in the office of the clerk of the court below, or when due notice of it is given to the officers, or party, to be restrained by it.
It operates prospectively, not retrospectively.— Whateveris lawfully done under the judg’t before the supersedeas takes effect, is valid and must stand. Any thing done afterwards, is unauthorized by the judgment, and must be set aside.-
A ha. fa. was issued after thedate of the 0er~ g^[g.0^utUI,ei'' issued and exe<Med before the certificate wa£ filed in the circuit court office, and before notice to the officer or to the pltf in the ha. fa. Held, that the-proceeding was valid; the judg’t of the circuit court, quashing the ha. fa, and return, and awarding restitution, reversed.
It seems to us, that the judgment of one tribunal cannot be deprived of its force, or in any manner affected, by the order of another, until there be some evidence of the order among the records of that tribunal in which the judgment itself remains, or some notice of it given to the officers concerned in executing the judgment, or at least to the parties to be benefitted by it. It would be unreasonable to suppose that, either the Court which renders the judgment, or its officers, or the party claiming under it, are bound to take notice of the ex parte order for a supersedeas' at the moment when it is granted. The law has determined otherwise. It has furnished the party obtaining a supersedeas w'ith the means of making it known where it should be known, and has prescribed the mode of doing it.- And we are of opinion, that it has no effect upon the judgment, or upon the regularity of the proceedings under it, until the proper evidence of its existence has been furnished.
In this case, the writ of habere facias upon the judgment in ejectment had been fully executed before the certificate of supersedeas from the Clerk of this Court had been filed with the Clerk in whose office the judg *600 ment remained of record, and before the summons from this Court had been delivered to the sheriff who executed the writ of habere facias, and when, as was admitted, the plaintiffs in the writ had no notice of the supersede-as. And the Circuit Court, on motion of Bennett, the defendant in the writ, quashed the writ and return of execution thereon, and gave judgment of restitution in favor of Bennett, on the sole ground that the writ had issued after the date of the certificate of supersedeas above mentioned.
But as, according to the view which we have taken, there was no irregularity, or abuse o.f the power or process of the Court in issuing and executing the writ of habere facias at any time before proper notice of the supersedeas, it follows, that there was no sufficient ground in the facts as stated above, for quashing the writ and return, and awarding restitution, and the Court erred in so doing.
Wherefore, the judgment of restitution, and the order quashing the writ of habere facias and the return thereon, are reversed, set aside and annulled, and the case is remanded.